```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

CARL CHRISTOPHER,

                Plaintiff,

vs.                                 Case No. 2:10-cv-498-FtM-29DNF

SEBOUH GOURJIAN, Attorney,

                Defendant.
_____

## **ORDER OF DISMISSAL**

### I.

This matter comes before the Court upon initial review of the file. Carl Christopher, a *pro se* plaintiff, initiated this action by filing a Civil Rights Complaint Form (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on August 13, 2010, while incarcerated at Charlotte Correctional Institution. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2).[1]

### II.

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28

---

[1] Because Plaintiff's motion to proceed *in forma pauperis* was incomplete, Plaintiff was directed to file a fully completed Prisoner Consent Form and Financial Certificate, or pay the requisite filing fee. See Order at Doc. #4.

U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construe them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). `Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable

expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III.

Plaintiff files the Complaint *sub judice* pursuant to 42 U.S.C. § 1983. See Complaint. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261

F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Here, Plaintiff's claim is flawed and must be dismissed because Plaintiff cannot fulfill the first requirement of the § 1983 two-part test. Plaintiff attributes liability to his defense attorney in private practice, who is not deemed to be an actor under the "color of state law." Even a defense attorney employed the Public Defender's Office "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County, et al. v. Dodson, 454 U.S. 312, 325 (1981)(footnote omitted). This is because the public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control." Legal Servs. Corp. v. Velazquez, 531 U.S. 533, 542 (quoting Polk County, 454 U.S. 321-322). "[A] public defender's obligations toward her client are no different than the obligations of any other defense attorney." Dodson, 454 U.S. at 318. As such, Plaintiff's privately retained defense counsel is not a state actor. Because the Court finds that

the Complaint has not satisfied the first element of a § 1983 action, the Court will not address whether the Defendant's alleged wrongdoings meet the requirements of the second element.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's Complaint (Doc. #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

2.  Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED.**

3.  The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __20th__ day of August, 2010.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record